Jennifer Limbo Bunda (SBN: 266667)
Email: jcl@consumercounselgroup.com
7304 Beverly Boulevard, # 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZALMAN GOLDSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AmSher Collection Services, Inc. and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:  2:23-cv-3954<br><br>CLASS ACTION<br>COMPLAINT FOR DAMAGES |

Plaintiff, by and through his attorney, Jennifer Limbo Bunda, as and for his class action complaint against the Defendant, AmSher Collection Services, Inc., alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer and on behalf of a class for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. ("Rosenthal Act") which prohibits debt collectors and creditors from engaging in abusive, deceptive and unfair practices.  Plaintiff also alleges violations of California Business and Professions Code §17200, et seq.

# PARTIES

2. Plaintiff, a senior citizen, is a natural person residing in Los Angeles County, California.

3. Upon information and belief, Defendant is a "debt collector" pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Hoover, Alabama. Defendant regularly conducts business in this district and has appeared as a defendant in this district.

# JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendant corporation regularly conducts business in this district and is therefore subject to jurisdiction in this district.

# FIRST CAUSE OF ACTION

5. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

6. That a personal debt was allegedly incurred by Plaintiff.

7. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant for collection.

8. That Defendant mailed Plaintiff a collection letter dated December 13, 2022 (hereinafter referred to as the "December 13th Letter") in an attempt to collect on the aforementioned debt.

9. That Plaintiff, unaware of the validity of the account referenced in the December 13th Letter, decided to exercise his consumer rights and dispute the purported debt.

10. That the December 13th Letter contained a section with the following heading in bold print: "**How can you dispute the debt?**" (emphasis in the original)

11. That beneath this heading was the following language, in pertinent part: "**Call or write to us by January 22, 2023, to dispute all or part of the debt**. If you do not, we will assume that our information is correct." (emphasis in the original)

12. That said section went on to further state the following, in pertinent part:

> "**If you write to us by January 22, 2023**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at www.amsherconsumer.com." (emphasis in the original)

13. That based on the information and instructions provided by the Defendant in the December 13th Letter, Plaintiff decided to go to Defendant's website, "www.amsherconsumer.com" to submit his dispute.

14. That Plaintiff found the link for submitting disputes on Defendant's website by clicking on the "Help is Here" tab and by selecting "I'm Disputing This Debt" from the drop-down menu.

15. That once Plaintiff clicked on "I'm Disputing This Debt" the following language appeared on the Defendant's website, in pertinent part:

> "Disputing Your Account?...This page provides you with an easy way to let us know about any dispute you may have with regard to your account. Once you submit the relevant information, along with any supporting documentation, we will make best efforts to locate the account in our system and research the details of your dispute. After reviewing the dispute with our client, we will take any supporting action and notify you of the investigation results."

16. That the Defendant's webpage went on to state the following: "If you prefer, you may download this form and mail it to: AmSher Collection Services, Inc., 5424 Southlake Parkway, Suite 15, Birmingham, AL 35244."

17. That beneath the Defendant's contact information, the Defendant's website provided an online platform wherein Plaintiff could just enter his name, contact information, a detailed explanation of his dispute and account number.

18. That Plaintiff, a senior citizen with limited mobility and limited access to resources that would enable him to download, print and mail a physical letter to Defendant, opted to fill in the form provided on Defendant's website to submit his written dispute.

19. That Plaintiff believed, based on the language on Defendant's website, that submitting his dispute online would be the most efficient way to get his dispute to the Defendant and the most expeditious way to have this matter resolved.

20. That at the bottom of the Defendant's webpage for disputes, the Defendant includes the following language, in pertinent part:

    "By checking this **"Agree"** box you authorize AmSher to contact you in connection with the resolution or collection of your account(s) using the information you have provided. By providing a valid email address, you expressly authorize AmSher to communicate with you via electronic mail at the email address supplied. By providing your phone number, you expressly authorize us to contact you at this same number via pre-recorded or artificial voices messages, text or electronic messages and calls made by an automatic telephone dialing system. You also attest that both the email address and the phone number(s) supplied belong to you personally and cannot be accessed or viewed by unauthorized parties." (emphasis in the original)

21. That once the Plaintiff typed in his information on Defendant's website, Plaintiff had no other choice than to click on the aforementioned "**Agree** box" to submit his written dispute to the Defendant via its website.

22. That the Plaintiff could not submit his written dispute to the Defendant via its website without agreeing to the terms referenced above and checking off the "**Agree** box."

23. That the language referenced above, which essentially authorizes the Defendant to contact consumers, like the Plaintiff, by email or by phone through the use of an automatic telephone dialing system, is misleading, deceptive, and overshadows a consumer's rights.

24. That the above-referenced language used by the Defendant on its website overshadows consumer rights and is inconsistent with various statutory provisions regarding a

consumer's rights to dispute debts, insofar as it gives the Defendant carte blanche and complete discretion to contact a consumer debtor anytime, in any manner, for any reason, within the statutory 30-day period, despite a pending dispute.

25. That the Plaintiff who used the Defendant's website to submit a written dispute, essentially waived his rights to certain statutory protections by clicking on Defendant's "**Agree** box."

26. That the Plaintiff, in order to avail himself of the benefits and/or convenience of submitting his dispute online, unknowingly waived his statutory rights when he submitted his dispute to the Defendant via its website.

27. That the Plaintiff, and other consumer debtors, who choose to use the Defendant's website to submit disputes have no choice but to agree to Defendant's terms and thereby unknowingly waive their rights to limit certain communications from the Defendant.

28. That in its attempts to collect a debt, Defendant used false, deceptive, misleading and overshadowing language, confusing the Plaintiff as to his consumer rights.

29. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are confusing, misleading, deceptive and/or unfair.

30. That as a result of Defendant's conduct, Plaintiff has suffered damages which include, but are not limited to, statutory damages, any actual damages sustained, other resulting monetary losses and damages, unnecessary stress, aggravation and anxiety.

31. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), (f), and (g) in that the representations made by the Defendant are confusing, misleading, deceptive, harassing, unfair and fail to properly advise the consumer of his legal rights as required by law.

   i. Defendant violated 15 U.S.C. §1692d by using language the natural consequence of which is to abuse the Plaintiff, by harassing the Plaintiff and engaging in oppressive and abusive conduct;

   ii. Defendant violated 15 U.S.C. § 1692e by using false representations and

        deceptive means in an attempt to collect a debt;

    iii. Defendant violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

    iv. Defendant violated 1692g by using misleading and overshadowing language in an attempt to collect the alleged debt and by contradicting Plaintiff's rights.

32. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 plus costs and attorney's fees.

**SECOND CAUSE OF ACTION**

33. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

34. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

35. By its acts and practices as hereinabove described, Defendant has violated the Rosenthal Act as follows:  By the above-referenced violations of the FDCPA, Defendant has violated §1788.17.

36. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendant's violations of the Rosenthal Act.  Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

37. In addition, because Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 as provided for in the Act.

38. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

### THIRD CAUSE OF ACTION

39. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

40. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

41. That Defendant, by engaging the acts hereinabove described, has committed violations under the FDCPA and the Rosenthal Act; that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

42. That the harm caused by Defendant's conduct outweighs any benefits that Defendant's conduct may have.

43. That consumers are likely to be deceived, and that Plaintiff was in fact deceived, by Defendant's conduct.

44. That the Defendant has been unjustly enriched by committing said acts.

45. That as a result of Defendant's conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

46. That as a direct and proximate result of Defendant's unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has suffered injury in fact and lost money and/or property.

47. That pursuant to California Business and Professions Code § 17200, et seq., Plaintiff is entitled to recover his actual damages and restitution.

### CLASS ALLEGATIONS

48. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

49. The first cause of action is brought on behalf of Plaintiff and the members of a class.

50. The Class consists of all persons whom Defendant's records reflect resided in the state of California, who were sent collection letters that directed them to its website, used Defendant's website to submit a dispute online and encountered communications by the Defendant that contained violations of 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

51. The class consists of consumers who used the Defendant's website to submit a written dispute online as did the Plaintiff.

52. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the facts that the language at issue in this litigation is disseminated to thousands of consumer debtors via the Defendant's website, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (C) The only individual issue is the identification of the consumer debtors who submitted a written dispute to the Defendant via its website, a matter capable of ministerial determination from the records of Defendant.

   (D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   (E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

   (F) A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are

generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

53. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

54. Communications and language used by the Defendant is to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

55. Defendant has violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. §1692d by harassing the Plaintiff and engaging in abusive and oppressive conduct;

   b. Defendant violated 15 U.S.C. §1692e by using false representations and misleading and deceptive means in an attempt to collect a debt;

   c. Defendant violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt;

   d. Defendant violated §1692g by using misleading and overshadowing language in an attempt to collect the alleged debt and by contradicting Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff for itself and the putative Class Members prays for the following relief:

1. An order certifying the class defined above, appointing Plaintiff as class representative and appointing his attorney as class counsel;

2. Equitable and injunctive relief;

3. Restitution;

4. Judgment for damages, including actual, statutory, treble (pursuant to Cal. Civ. Code §3345) and punitive, where applicable;

5. Pre- and post-judgment interest on the above amount;

6. Attorney's fees and costs of this action; and

7. For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendant(s) and its agents, employees, affiliates and/or subsidiaries, from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

## JURY DEMAND

Plaintiff requests trial by jury on all issues so triable.

Dated: May 23, 2023                                JENNIFER LIMBO BUNDA

/S/ Jennifer Limbo Bunda
Jennifer Limbo Bunda
Attorney for Plaintiff